UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELISSA BROWN,

    Plaintiff,

v.

LAS VEGAS LIMOUSINES,

    Defendant.

2:09-cv-01306-PMP-RJJ

**ORDER**

**BACKGROUND**

Plaintiff, Brown, was employed as a shuttle bus driver for Defendant, Las Vegas Limousines. She filed suit against Las Vegas Limousines claiming that she was fired for reporting unlawful activities directed against her in violation of her civil rights. Specifically, she states that she was sexually harassed, and harassed because of her gender at work by a female dispatcher and by two, male co-drivers. She claims she was fired for reporting these incidents to management. She seeks damages consisting of lost wages and compensation for emotional damages she has allegedly suffered as a result of Defendant's actions.

She was granted permission to proceed in forma pauperis at a hearing held October 6, 2009. The Court has screened her complaint and now issues the following order.

**DISCUSSION**

In light of the facts stated above, the Court cannot find that the instant action is entirely frivolous or malicious. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court also finds that Plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___; 129 S. Ct.

1  1937, 1949 (2009). To establish a prima facie case of retaliatory discharge in violation of Title
2  VII, "the employee must show that he engaged in a protected activity, he was subsequently
3  subjected to an adverse employment action, and that a causal link exists between the two."
4  *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011).
5      Here, Brown has shown that she engaged in the protected activity of reporting unlawful
6  behavior, that she was terminated, and she has asserted that her report was the reason for her
7  termination. Therefore, this action shall be allowed to proceed, at this time, as any other civil
8  action as to Plaintiff's claims against Defendant.

## **CONCLUSION**

10     Based on the foregoing, and good cause appearing therefore,
11     IT IS HEREBY ORDERED that:
12     The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the
13 initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and
14 the initial disclosures form, and to return one of each for each Defendant named in the complaint
15 within twenty-one (21) days from the entry date of this Order to the Clerk of Court. Plaintiff is
16 warned that failure to comply in a timely manner could result in the dismissal of this civil action.
17 The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.
18     Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service
19 waiver package for each Defendant. The service waiver package must include, for each
20 Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared
21 by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope
22 addressed to the Clerk of Court with adequate first class postage for use by each Defendant for
23 return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures
24 form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms(s) and the
25 summons(es).
26     Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete
27 the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service
28 waiver package(s) to each Defendant. Defendants have a duty to avoid unnecessary costs of

1  serving the summons.  If a Defendant fails to comply with the request for waiver of service, that
2  Defendant must bear the costs of personal service unless good cause can be shown for failure to
3  return the Waiver of Service form.
4        In the event a Defendant does not return the Waiver of Service form to the Clerk of Court
5  within thirty-five (35) days following the date the service waiver package was mailed, the Clerk
6  is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each
7  Defendant who failed to return the waiver form.  The service package must include the USM 285
8  form, the summons, and one (1) copy of the complaint.  Upon receipt of the service package(s),
9  the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to
10 waive service.  The executed waiver form or the completed USM 285 form shall be filed with the
11 Clerk.
12       Plaintiff is **DIRECTED** to serve upon Defendant(s) or their counsel a copy of every
13 additional pleading or other document which is filed with the Clerk of the Court.  Each pleading
14 or other document filed with the Clerk shall include a certificate stating the date on which an
15 accurate copy of that paper was mailed to Defendants or their counsel.  This Court shall disregard
16 any submitted papers which have not been properly filed with the Clerk or which do not include
17 a certificate of service.
18       Plaintiff is also **REQUIRED to KEEP** the Court and Defendant(s) advised of his current
19 address at all times during the pendency of this action.  Plaintiff is admonished that the failure to
20 do so may result in the dismissal of this action.
21       DATED this __29th__ day of March, 2011.

                                                                                                      _____
                                                                                                      ROBERT J. JOHNSTON
                                                                                                      United States Magistrate Judge