UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELISSA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS LIMOUSINES,<br><br>    Defendant. | 2:09-cv-01306-PMP-RJJ<br><br>**AMENDED ORDER** |

**BACKGROUND**

Plaintiff, Brown, was employed as a shuttle bus driver for Defendant, Las Vegas Limousines.  She filed suit against Las Vegas Limousines claiming that she was fired for reporting unlawful activities directed against her in violation of her civil rights.  Specifically, she states that she was sexually harassed, and harassed because of her gender at work by a female dispatcher and by two, male co-drivers.  She claims she was fired for reporting these incidents to management.  She seeks damages consisting of lost wages and compensation for emotional damages she has allegedly suffered as a result of Defendant's actions.

She was granted permission to proceed in forma pauperis at a hearing held October 6, 2009.  The Court has screened her complaint and now issues the following order.

**DISCUSSION**

In light of the facts stated above, the Court cannot find that the instant action is entirely frivolous or malicious.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The Court also finds that Plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___; 129 S. Ct.

1937, 1949 (2009). To establish a prima facie case of retaliatory discharge in violation of Title VII, "the employee must show that he engaged in a protected activity, he was subsequently subjected to an adverse employment action, and that a causal link exists between the two." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011).

Here, Brown has shown that she engaged in the protected activity of reporting unlawful behavior, that she was terminated, and she has asserted that her report was the reason for her termination. Therefore, this action shall be allowed to proceed, at this time, as any other civil action as to Plaintiff's claims against Defendant.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint, issue summons to the named defendants herein, and deliver same to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk

1  which fails to include a certificate of service.
2       DATED this  31st  day of March, 2011.
3
4
5                                        _____
                                      ROBERT J. JOHNSTON
6                                        United States Magistrate Judge